UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYCE ANTHONY JACKSON,

                Plaintiff,

     v.

STATE OF WASHINGTON,

                Defendant.

CASE NO. 3:22-CV-5667-TSZ-DWC

REPORT AND RECOMMENDATION

Noting Date: January 27, 2023

       Plaintiff Bryce Anthony Jackson, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. On November 7, 2022, the Court reviewed and screened Plaintiff's proposed complaint under 28 U.S.C. § 1915A. Dkt. 5. The Court determined Plaintiff failed to state a claim upon which relief can be granted and directed Plaintiff to show cause why this matter should not be dismissed. On November 22, 2022 and December 14, 2022, Plaintiff filed responses to the Court's November 7, 2022 Order ("Order"). Dkts. 6, 7.

       The Court has considered Plaintiff's responses to the Order and concludes Plaintiff has not adequately shown cause for why this case should not be dismissed. Accordingly, the Court

REPORT AND RECOMMENDATION - 1

recommends this case be dismissed for failure to state a claim and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1) be denied.

## I.    Background

Plaintiff asserts claims against the State of Washington, alleging two Clark County prosecuting attorneys violated his constitutional rights by maliciously prosecuting him on criminal charges of which he was ultimately acquitted. Dkt. 1-1. Plaintiff alleges the individual prosecutors (who are not named as defendants) pursued charges despite a lack of probable cause and *Miranda* warnings, and the charges were ultimately dismissed "due to probable cause issues." *Id*. at 6, 8. Plaintiff also contends the prosecutors unduly delayed proceedings, denied plaintiff the right to represent himself by seeking multiple competency examinations, and sought excessive bail, leading to his wrongful confinement. *Id*. at 7. Plaintiff alleges violation of his Fifth, Eighth, and Sixth Amendment rights, asserting the State of Washington is liable because the prosecutors are "employed by the state" and "represent state interests." *Id*. at 7. Plaintiff seeks monetary damages. *Id*. at 12.

Plaintiff previously brought a claim against the individual Clark County prosecutors involved in his criminal matter, alleging substantially similar Fifth, Sixth and Eighth Amendment claims. *See Jackson v. Golick*, No. 3:21-cv-05921-TL (*Jackson I*). Plaintiff alleged he was maliciously prosecuted by Clark County prosecutors Anna Klein and Tony Golick when they did not have probable cause to prosecute him due to evidentiary deficiencies and they failed to dismiss the charges. *Jackson I*, Dkt. 6 at 4–5. Plaintiff also alleged the prosecutors delayed proceedings and demanded excessive bail, leading to 17 months' wrongful confinement. *Id*. at 10. On October 11, 2022, District Court Judge Tana Lin dismissed plaintiff's complaint in *Jackson I* with prejudice, adopting the Report and Recommendation of Magistrate Judge Richard Creatura finding

the defendants were entitled to prosecutorial immunity. *Jackson I* at Dkts. 10, 23. Petitioner has

filed both a motion to amend the judgment and a notice of appeal in *Jackson I. Id.* at Dkts. 25, 26.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton*

*v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Sweeping conclusory allegations against an official are insufficient to state a claim for relief.

*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on

vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil

rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

A. *Improper Defendant*

Plaintiff names only the State of Washington as a defendant in this action. Washington State is not a proper defendant in a § 1983 case. Such a claim may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. However, the Supreme Court has held that a state is not a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of § 1983").  Consequently, a State cannot be sued for damages or injunctive relief. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) ("we have held that § 1983 actions do not lie against a State").

Additionally, the Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent, and there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996) *overruled in part by Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 363 (2006); *Nat. Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996). The State of Washington is therefore immune from suit.

The State of Washington cannot be sued under § 1983. As plaintiff has, therefore, not named a proper defendant in this action, his claims fail as a matter of law.

B. *Duplicative Claims*

Plaintiff's complaint makes it clear he is challenging the actions of the individual Clark County prosecutors involved in his criminal proceedings. *See* Dkt. 1-1 at 6. Indeed, he expressly states his claim against the State of Washington is premised upon a theory of vicarious liability for the prosecutors' actions. *Id.* at 7. But, to the extent plaintiff seeks to hold the individual prosecutors liable, his claim is wholly duplicative of *Jackson I*.

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. *Cato v. United*

1 | *States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021

2 | (5th Cir. 1988)) (duplicative *in forma pauperis* complaint may be considered abusive and

3 | dismissed under 28 U.S.C. § 1915); *see also Adams v. California Dep't. of Health Servs.*, 487

4 | F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate

5 | actions involving the same subject matter at the same time in the same court against the same

6 | defendant."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Further,

7 | "[f]ederal law dictates that a dismissal with prejudice bars a later suit[.]" *ASM Am., Inc. v. Aceco*

8 | *Semiconductor, Inc.*, No. CV-05-1326-ST, 2006 WL 8459022, at *2 (D. Or. Jan. 17, 2006).

9 | Here, if plaintiff were to amend his complaint to add the individual prosecutors as defendants,

10 | his claims would be duplicative of those he has already brought in *Jackson I*—which have been

11 | dismissed with prejudice.

12 |   C.   *Response to Order*

13 |     In response to the Court's Order, Plaintiff argues that the undersigned has misstated the

14 | law and that his claims can proceed. See Dkts. 6, 7. Plaintiff provides no authority to support his

15 | position. After careful consideration of Plaintiff's responses to the Court's Order, the Court finds

16 | Plaintiff has not shown cause why this case should proceed. Therefore, the Court recommends

17 | this action be dismissed.

18 |   **III.   Conclusion**

19 |     For the above stated reasons, the Court recommends that this action be dismissed for

20 | failure to state a claim and Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 1) be denied.

21 |     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22 | fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

23 | 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24 |

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 27, 2023, as noted in the caption.

Dated this 9th day of January, 2023.

David W. Christel
United States Magistrate Judge